IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| HEATHER ENGLISH, JOE HAWLEY and ROBIN BROUSSARD, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 6:17-cv-00323-ADA-JCM |
| TEXAS FARM BUREAU CASUALTY INSURANCE COMPANY, TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, TEXAS FARM BUREAU UNDERWRITERS, FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, and SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, | § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' REPLY REGARDING THE COURT'S AUGUST 28 REQUEST**

TO THE HONORABLE JUDGE ALBRIGHT:

At the hearing on August 28, 2019, the Court asked Plaintiffs to "find anything in your briefing with respect to the class that indicates clearly to the Court that the class should include three years prior to filing of the complaint . . . ." Dkt. 150 at 55. In their letter filed yesterday, Plaintiffs concede that their briefing did not do this. Dkt. 152 at 1.

At the hearing, the Court also inquired about Plaintiffs' efforts to confer with Defendants before filing their motion for tolling and a second notice period based on an expanded class list. The parties had two "conferences" relating to the class list. First, the parties conferred by phone in April 2019, after Defendants produced the class list but before notice went out. On that call, Defendants confirmed what the cover letter accompanying the class list had already conveyed:

that the list covered the three years prior to the Court's order. On that call, Plaintiffs also asked if Defendants would agree to equitable tolling, and Defendants responded they would not. Plaintiffs did not ask for an expanded list—a fact they seem to admit when they acknowledge in their letter filing that "Mr. Cook may not have expressly asked Defense counsel to provide the full class list." Dkt. 152 at 2. Contrary to the statements in Plaintiffs' letter to the Court, Defendants did *not* communicate in that April 2019 conversation that they "would not be producing such a list." *See id.* at 2. Indeed, they did not know that Plaintiffs wanted one.

Plaintiffs first attempted to confer about expanding the class list by email the afternoon they filed their motion—*after* the opt-in period had ended. This email is the second "conference," although as Defendants' counsel indicated in their response to that request, a phone conference is a preferable way of conferring on anything but the most routine issues. To be clear, Plaintiffs never raised the issue of a second notice or requested an expanded class list until after the notice to potential class members was sent out and the opt-in period closed.

In their letter to the Court, Plaintiffs selectively quote statements by defense counsel Matt Wood, omitting the portion of the hearing where Mr. Wood clarified that his statements about the expanded class list were directed at the April phone call between the attorneys and not the email attempt to confer after the opt-in period closed:

> MR. LAWSON:  . . . We met and conferred, Judge.
>
> THE COURT:  Okay. That's not what I understood Mr. Wood to say. So do have a disagreement with that?
>
> MR. LAWSON:  That's my recollection of it what Mr. Wood said.
>
> MR. WOOD:  Your Honor, what I was speaking to was before the notice went out we had a conversation. They asked what period it covered. They did not ask us to give the other names.
>
> THE COURT:  I get that. What I'm saying is prior to when they filed the motion, did they come to you and say we'd like these other names going back three years

>from the complaint, you guys said no, and is that what triggered their filing the motion?
>
>MR. WOOD:  I don't recall that conversation, Your Honor.
>
>THE COURT:  Do you know who -- do you have that -- who did the plaintiff have the conversation with where you requested that quantum of names going back that sub period? Who said no?
>
>MR. LAWSON:  Yeah. My recollection it was Kelly Cook had the conversation with Julie Springer. That's my recollection.
>
>THE COURT:  And unfortunately neither of the generals are here today and which is fine. I don't know that it makes all that much difference.

Dkt. 150 at 52-53.

If Plaintiffs really thought Defendants were required to provide a class list going back three years from the Complaint, then they should have raised the issue *before* the class list went out.  Instead, Plaintiffs' counsel waited more than two months, until after the class notification and opt-in period was complete, to request an expanded list and second notice period.

Defendants appreciate the opportunity to submit these final thoughts on issues raised by the Court at the hearing.

Respectfully submitted,

| | |
|---|---|
| **WEISBART SPRINGER HAYES LLP** | **CARLTON FIELDS, P.A.** |
| 212 Lavaca Street, Suite 200 | 1025 Thomas Jefferson Street, NW |
| Austin, Texas 78701 | Suite 400 West |
| 512.652.5780 | Washington, D.C.  20007-5208 |
| 512.682.2074 fax | 202.965.8100 |
| | 202.965.8104 fax |
| By:  /s/ Matt C. Wood | |
|        Julie A. Springer | By:  /s/ Markham R. Leventhal |
|        Texas Bar No. 18966770 |        Markham R. Leventhal |
|        jspringer@wshllp.com |        mleventhal@carltonfields.com |
|        Sara E. Janes | |
|        Texas Bar No. 24056551 |        Aaron S. Weiss |
|        sjanes@wshllp.com |        Irma Reboso Solares |
|        Matt C. Wood |        Stephanie A. Fichera |
|        Texas Bar No. 24066306 |        100 S.E. Second Street, Suite 4200 |
|        mwood@wshllp.com |        Miami, Florida 33131 |
| |        305.530.0050 |
| **ATTORNEYS FOR TEXAS FARM BUREAU** |        305.530.0055 fax |
| **DEFENDANTS** |        aweiss@carltonfields.com |
| |        isolares@carltonfields.com |
| |        sfichera@carltonfields.com |
| | |
| |        Cathleen Bell Bremmer |
| |        4221 W. Boy Scout Boulevard, Suite 1000 |
| |        Tampa, Florida 33607-5780 |
| |        813.229.4326 |
| |        813.229.4133 fax |
| |        cbremmer@carltonfields.com |
| | |
| | **ATTORNEYS FOR SOUTHERN FARM BUREAU** |
| | **LIFE INSURANCE COMPANY** |


## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record herein by way of:

- ☐ U.S. Mail, First Class
- ☐ Certified Mail
- ☐ Facsimile
- ☐ Federal Express
- ☐ Hand Delivery
- ☒ ECF (electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants)

on this 5th day of September 2019 to wit:

John Eddie Williams
Brian A. Abramson
Sean M. McCarthy
WILLIAMS KHERKER HART BOUNDAS LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
713.230.2200
713.643.6226 fax
jwilliams@williamskherkher.com
babramson@williamskherkher.com
smccarthy@williamskherkher.com

Avi Moshenberg
Nick Lawson
William B. Thomas
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2700
Houston, Texas 77002
713.337.5580
713.337.8850 fax
avi.moshenberg@mhllp.com
nick.lawson@mhllp.com
william.thomas@mhllp.com

Kelly E. Cook
Warren A. Berlanga
WYLY & COOK PLLC
4101 Washington Avenue, 2nd Floor
Houston, Texas 77007
713.236.8330
713.863.8502 fax
kcook@wylycooklaw.com
wberlanga@wylycooklaw.com
**ATTORNEYS FOR PLAINTIFFS**

/s/ Matt C. Wood
Matt C. Wood