IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **HEATHER ENGLISH, JOE HAWLEY, ROBIN BROUSSARD,** § § § § § § § § § § § § § § § § § § § *Plaintiffs,* <br><br> *v.* <br><br> **TEXAS FARM BUREAU BUSINESS CORPORATION, TEXAS FARM BUREAU CASUALTY INSURANCE COMPANY, TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, TEXAS FARM BUREAU UNDERWRITERS, FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, TEXAS FARM BUREAU,** <br> *Defendants.* | **6:17-CV-00323-ADA** |

## ORDER DENYING PLAINTIFFS' MOTION FOR EQUITABLE TOLLING AND TO COMPEL DEFENDANTS TO PRODUCE A FULL CLASS LIST

Before the Court is Plaintiffs Heather English, Joe Hawley, and Robin Broussard's ("Plaintiffs") Motion for Equitable Tolling and to Compel Defendants to Produce a Full Class List ("Motion"). ECF No. 136. The Court held a hearing on August 28, 2019, to consider the Motion and subsequent briefing. ECF Nos. 138, 139, 143, 152, 153. For the following reasons, the Motion is **DENIED**.

### I. BACKGROUND

On March 29, 2019, this Court granted Plaintiffs Motion to Certify Class as an FLSA Collective Action and for Court-Authorized Notice. ECF No. 111. That order, among other things, conditionally certified the following class:

> All former and current independent contractors of Texas Farm Bureau Casualty Insurance Company, Texas Farm Bureau Mutual Insurance Company, Texas Farm Bureau Underwriters, Farm Bureau County Mutual Insurance Company of Texas, Southern Farm Bureau Life Insurance Company, and Texas Farm Bureau,

>who within the past three years have worked in the position of insurance agent in the State of Texas.

*Id.* at 19. The Order did not specify the reference point from which the "past three years" would be determined. Although this Court acknowledged in the Order that Plaintiffs sought a class list that reached back three years from the date of the complaint, it did not authorize a class using the language proposed by Plaintiffs in the original or live complaints, which sought a class list of insurance agents classified as independent contractors "between November 17, 2014 and the present." *Compare id. with* ECF Nos. 1 ¶ 78; 39 ¶ 101. Instead, the Order adopted the vague language in the motion for conditional certification. *See* ECF No. 68 at 2–3.

Defendants produced a class list on April 12, 2019, that included putative class members dating back three years from the Court's order. *See* ECF No. 115 ¶ 7. Plaintiffs sent out court-authorized notice on April 22, 2019, based on the information provided in that list. ECF No. 117. Plaintiffs filed this Motion over two months after the notice was distributed, and after the close of the notice period, seeking an expanded list of potential class members. Plaintiffs claim the delay was a result, at least in part, of Defendants' omission of the start and end dates of the putative class members or other disclosure of the time-period that the class list covered. Motion at 3. Defendants dispute that allegation and respond that the cover letter enclosing the class list and a subsequent phone call between the parties made clear that the list covered the three years prior to the Court's order. ECF No. 153 at 1–2 (referencing ECF No. 138 at Ex. A-1).

During the August 28, 2019 hearing on the Motion, the Court directed Plaintiffs to identify in the briefing for conditional certification any clear language indicating the class list should include putative members reaching back three years from complaint rather than the Court's order certifying the class. ECF No. 150 at 55–56 ("Tr. at _"). Plaintiffs filed a letter on

September 4, 2019, reporting that nothing in the conditional certification briefing explicitly requested a class that extends back three years from the complaint. ECF No. 152.

In addition to a class list reaching back three years from the complaint, Plaintiffs ask this Court to equitably toll the statue of limitations for two distinct periods: the time between the filing and the resolution of (1) the motions to dismiss; and (2) the motion for conditional certification. Motion at 5. Plaintiffs suggest equitable tolling is proper to prevent opt-ins from losing compensable time that they would otherwise be denied as a result of Defendants' motion practice. *Id*. Defendants respond that standard motion practice is not an external obstacle warranting equitable tolling, and that such relief would effectively give Plaintiffs a "*second* notice period." Response at 3, 7 (emphasis in original). Further, Defendants contend nothing prevented Plaintiffs from filing for conditional certification while Defendants' motions were pending. *See id*. at 4–6.

## II. DISCUSSION

### A. Plaintiffs' Have Not Demonstrated the Class List Should Reach Back Three Years from the Date of the Complaint

The Court directed Plaintiffs to identify any clear language in their conditional certification briefing that indicated they sought a class list reaching back three years from complaint rather than the Court's March 29, 2019 order. Tr. at 55–56. The Court stated that, in the absence of such a statement, it would be unlikely to require Defendants to produce a class list including putative class members from three years before the date of the complaint. *Id*. In accordance with the Court's request, Plaintiffs filed a letter stating the following:

> The briefing does not state that the class should go back three years from the filing of the complaint. The briefing also does not state that the class should go back three years from the Court's order. Without question, Plaintiffs briefing on this issue was unclear.

ECF No. 152 at 1; *see also* ECF No. 139 (Plaintiffs admit "Without question, Plaintiffs could have been clearer in their proposed class language."). Additionally, Plaintiffs' decision to change the proposed class definition from those employed "between November 17, 2014 and the present" to "the past three years," while apparently not purposeful in retrospect, could have been viewed as an intentional change at the time—and at the very least, introduced vagueness when the Court adopted the latter language.

The Court embraces the more natural reading of "the past three years" to begin at the date of the order granting conditional certification rather than a date in the past not referenced explicitly in the operative motion. This is consistent with other courts in this District and the Fifth Circuit, which routinely approve a three-year lookback from the date of the order certifying the class or the date the notices are sent to the putative class. *See, e.g.*, *Frazier v. Dallas/Fort Worth Int'l Airport Bd.*, 285 F. Supp. 3d 969, 975 (N.D. Tex. 2018) (authorizing notice to putative class members working for employer within the past three years from the date of conditional certification); *Snively v. Peak Pressure Control, LLC*, 174 F. Supp. 3d 953, 963 (W.D. Tex. 2016) (holding that "the three-year limitations period under the FLSA should be measured from the date notice is issued, rather than the date Plaintiff's Complaint was filed."); *Lawton v. Osado Water Transfer Co., LLC*, No. MO:15-CV-00189-RAJ, 2016 WL 11586134, at *2 (W.D. Tex. Sept. 27, 2016) (same); *Diaz v. Applied Mach. Corp.*, No. CV H-15-1282, 2016 WL 3568087, at *10 (S.D. Tex. June 24, 2016) ("[C]lass certification is appropriately limited to workers employed by defendants up to three years before this court approves the notice.") (favorably referencing *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 654 (S.D. Tex. 2010)).

Therefore, the class list in this case is properly limited to individuals working for the Defendants within the past three years from the date of this Court's order granting conditional certification, which was March 29, 2019.

**B. Plaintiffs' Request for Equitable Tolling is Denied**

The Fifth Circuit counsels equitable tolling "is a narrow exception . . . that should be applied sparingly." *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017) (per curiam) (internal quotation marks omitted). It applies "only in 'rare and exceptional circumstances.'" *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). A district court may exercise its discretion to equitably toll the statute of limitations in an FLSA case if the plaintiff demonstrates that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Sandoz*, 700 F. App'x at 320 (applying *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) in the FLSA collective action context). While only reasonable diligence pursuing rights is required, an "extraordinary circumstance" cannot be the product of self-inflicted delay; it must result from an "external obstacle to timely filing . . . beyond [the plaintiff's] control." *Id*. (alteration in original). "The party who invokes equitable tolling bears the burden of proof." *Teemac*, 298 F.3d at 457. Plaintiffs fail to meet that burden here.

    *1. Plaintiffs Have Not Shown That Potential Opt-Ins Diligently Pursued their Rights*

Plaintiffs contend that prospective class members could not have discovered their claims before the Court approved collective action notices because they were misclassified as independent contractors, which prevented them from diligently pursuing their rights. But Plaintiffs offer no support for this proposition. Indeed, the fact that thirty to forty-four plaintiffs

opted into this action prior to the distribution of court-authorized notice suggests the opposite: formal notice was not necessary to discover potential misclassification.[1] *See* Tr. at 27, 32–33. Although notice undoubtedly helps facilitate discovery of a possible claim, holding that some potential opt-ins could not discover their claims without court-authorized notice after dozens of others already did would render equitable tolling the rule rather than the exception in FLSA misclassification collective actions.

### 2. *No Extraordinary Circumstances Prevented Timely Filing*

Plaintiffs also fail to establish the existence of any extraordinary circumstances. They suggest two events outside of their control—Defendants' filing of dispositive motions and this Court's delay in ruling on Plaintiff's conditional certification motion—warrant equitable tolling for two periods: (1) the time between the filing and resolution of Defendants' motions to dismiss; and (2) the time between the filing and the resolution of the conditional certification motion. A portion of these periods overlap. The Court does not find either period to be extraordinary.

As to the first period, nothing prevented potential opt-ins from joining the suit or initiating a separate suit while the motions were pending. In *Sandoz*, the Fifth Circuit rejected a claim that defendant's litigation strategy was an extraordinary circumstance because "nothing prevented the Opt-In Plaintiffs from discovering their claims and initiating a suit." *Sandoz*, 700 F. App'x at 321; *see also Robinson v. RWLS, LLC*, No. SA-16-CA-00201-OLG, 2017 WL 1535072, at *2 (W.D. Tex. Mar. 14, 2017) ("The filing of motions to dismiss and inevitable court delays are part of routine litigation which, by definition, do not equate with extraordinary circumstances."). Although the court in *Sandoz* explicitly left open the possibility that a litigation

---

[1] Plaintiffs began accumulating additional plaintiffs beginning as early as November 22, 2017—over sixteen months before conditional certification was granted. *See* ECF No. 13.

strategy could be an extraordinary circumstance, it did not explain what such a finding would require, and this Court does not believe Defendants' routine motions here are extraordinary.[2]

Here, nothing prevented other insurance agents from discovering or asserting their claims—as the original three plaintiffs and dozens of others have—by joining this suit or suing separately.[3] Nor did anything prevent Plaintiffs from moving for conditional certification earlier to send out court-approved notices. Plaintiffs suggest it would have been "irresponsible" for them to "bet the extraordinary resources to implement the certification and notice phase" while the motions to dismiss were pending; instead, they chose not to file for conditional certification until the magistrate judge issued a report and recommendation on one motion to dismiss as to a single defendant. *See* Motion at 7–8. Exercising that choice is their prerogative, but it is not an "external obstacle to timely filing . . . beyond [the plaintiff's] control." *See Sandoz,* 700 F. App'x at 320.

As to the second period, the Court does not find the period between the filing and resolution of the conditional certification motion to warrant tolling. "Courts in the Fifth Circuit regularly deny motions for equitable tolling when the only justification provided is the delay in deciding a motion for conditional class certification." *Espinosa v. Stevens Tanker Div., LLC*, No. SA-15-CV-879-XR, 2016 WL 4180027, at *4 (W.D. Tex. Aug. 5, 2016); *see also Str aka v. Methodist Dallas Med. Ctr. Auxiliary*, No. 3:16-CV-2192-B, 2018 WL 1609691, at *1 (N.D. Tex. Apr. 3, 2018). Plaintiffs cite the "longest shut down in U.S. Government history" as contributing to the length of time it took the Court to rule on the motion. *See* Motion at 8. This Court, however, remained open during that period and its work was unaffected—and its ruling

---

[2] Plaintiffs conceded at the hearing that "[t]hey're allowed to move to dismiss even if they don't necessarily think it's going to win. . . . [T]here's nothing they did wrong." Tr. at 12.

[3] *See Sandoz*, 700 F. App'x at 321 ("Equitable tolling, however, focuses on whether an external obstacle 'prevented timely filing,' not on whether an external obstacle prevented timely filing *in a specific suit*." (emphasis in original)).

on conditional certification was quicker than the cases Plaintiffs cite to support their request for equitable tolling.

## III.   CONCLUSION

Accordingly, IT IS ORDERED that Plaintiffs' Motion for Equitable Tolling and to Compel Defendants to Produce a Full Class List [ECF No. 136] is **DENIED**.

SIGNED this 15th day of October, 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE